

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

IN RE: REQUEST FOR JUDICIAL
ASSISTANCE FROM THE DISTRICT
COURT IN SVITAVY, CZECH REPUBLIC

Action No. 2:10mc9

## OPINION AND ORDER

This matter comes before the Court on Petitioner's Application for Order Under 28 U.S.C. § 1782 (Document No. 1) and Respondent's Motion for Entry of an Order Refusing the Request for Judicial Assistance (Document No. 8). For the reasons stated below, the Court GRANTS Petitioner's Application for Order Under 28 U.S.C. § 1782, DENIES Respondent's Motion for Entry of an Order Refusing the Request for Judicial Assistance, and DIRECTS the Respondent to answer questions and provide a DNA sample (by buccal swab) in compliance with the Request for Examination issued by the District Court in Svitavy, Czech Republic (Document No. 2 Ex. B).

## I. FACTUAL AND PROCEDURAL HISTORY

Pursuant to 28 U.S.C. § 1782, the United States filed an application requesting this Court to respond to a Request for Judicial Assistance from the District Court in Svitavy, Czech Republic [hereinafter "Svitavy Court"] on June 7, 2010. The facts underlying this Request are as follows:

On March 12, 2003, Gabriela Zemanová brought an action for determination of paternity in the District Court of Svitavy, where she alleged that the Defendant, William Ford Fitzkee ("Fitzkee"),

was the father of her child born that year in Svitavy. (Mem. Supp. Appl. Ex. B, Document No. 2). Zemanová and Fitzkee had sexual intercourse in Annapolis, Maryland in March 2002. Id. The Svitavy Court attempted to secure an affidavit from Fitzkee in 2004 but did not have his current address. Id. Once it secured Fitzkee's current address, the Svitavy Court requested assistance from the United States Department of Justice. Id.

Exhibit B to the Memorandum in Support of the Request for Judicial Assistance details the request from the Svitavy Court that Fitzkee respond to certain questions propounded by the Svitavy Court and present himself for the purpose of obtaining a DNA specimen. On June 9, 2010, an Order was entered appointing the undersigned to serve as Commissioner pursuant to 28 U.S.C. § 1782 for the purpose of rendering judicial assistance as requested by the District Court in Svitavy, Czech Republic, under the Hague Convention on Taking Evidence Abroad in Civil or Commercial Matters. An Order to Show Cause issued on June 18, 2010, directing Fitzkee to appear before the Court to show cause why he should not be compelled to answer questions and provide a DNA sample by buccal swab.

On July 16, 2010, the Court entered an Order directing Fitzkee to file a motion raising all issues he desired the Court to address in this matter pursuant to the Request for Judicial Assistance. Fitzkee filed a motion asking the Court to refuse the request for

judicial assistance on July 28, 2010. This motion was fully briefed and a hearing took place on August 20, 2010. At the hearing, Joel Wilson, Esq., appeared on behalf of the United States and Brandon Zeigler, Esq., appeared on behalf of Fitzkee. The official court reporter was Sue Ash.

## II. DISCUSSION

### A. Statutory Requirements to Grant Judicial Assistance

28 U.S.C. § 1782(a) states:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

Pursuant to § 1782, this Court is authorized to provide assistance to a foreign tribunal if three threshold requirements are satisfied: "(1) the person from whom discovery is sought resides or is found in the [Eastern District of Virginia]; (2) the discovery is for use in a proceeding before a foreign tribunal; and (3) the application is made by a foreign or international tribunal or 'any interested person.'" In re Microsoft Corp., 428 F. Supp. 2d 188, 192 (S.D.N.Y. 2006).

Fitzkee concedes that he resides in this district and is

subject to the jurisdiction of this Court in this matter. (Mem. Reply to U.S. Opp'n 1, Document No. 12). Furthermore, it is clear that the discovery being sought is to be used in a paternity action initiated in the Svitavy Court, a foreign tribunal. (Mem. Supp. Appl. Ex. B, Document No. 2). Finally, the application for judicial assistance was made by a judicial tribunal in the Czech Republic.[1] (See id.) All three prongs of § 1782 have been satisfied, and therefore, this Court has the authority to grant the application.

### B. Discretionary Factors for the Court's Consideration

"[A] district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so." Intel Corp. v. Advanced Micro Devices Inc., 542 U.S. 241, 264 (2004). This Court therefore has the discretion to decide whether to exercise its authority to grant the Request for Judicial Assistance. "This discretion, however, is not boundless. Rather . . . district courts must exercise their discretion under § 1782 in light of the twin aims of the statute: 'providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our

---

[1] The Court notes that the application was filed on behalf of the Svitavy Court by the United States, pursuant to its obligations under the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, opened for signature Mar. 18, 1970, 23 U.S.T. 2555 (1972) [hereinafter Hague Convention], available at http://www.hcch.net/upload/conventions/ txt20en.pdf (last accessed Sept. 14, 2010).

4

courts . . . .'" Schmitz v. Bernstein Liebhard & Lifshitz, LLP, 376 F.3d 79, 84 (2d Cir. 2004) (quoting In re Metallgesellschaft AG, 121 F.3d 77, 79 (2d Cir. 1997), and In re Malev Hungarian Airlines, 964 F.2d 97, 100 (2d Cir. 1992)).

The Supreme Court set forth a series of factors in its Intel decision for the district courts to consider when exercising their discretion under § 1782. See Intel, 542 U.S. at 264; see also 6 James Wm. Moore et al., Moore's Federal Practice § 26.08 (3d ed. 2010). These factors include: (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the foreign proceedings, and the receptivity of the foreign entity to judicial assistance; (3) whether the request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the requested information is unduly intrusive or burdensome. Intel, 542 U.S. at 264; see also Schmitz, 376 F.3d at 84; Microsoft, 428 F. Supp. 2d at 194.

### C. The Four Intel Factors

#### 1. Participant in the foreign proceeding

The first factor this Court will consider is whether Fitzkee is a "participant" in the foreign proceeding for § 1782 purposes.

It is clear that Fitzkee is, at minimum, a nominal party to the proceeding pending before the Svitavy Court. The Svitavy Court's

Request for Judicial Assistance identifies Fitzkee as the "second defendant" in the action pending before it (Mem. Supp. Appl. Ex. B, Document No. 2), and Fitzkee's Memorandum in Opposition itself refers to Fitzkee as "Defendant" (Mem. Opp'n 1, Document No. 9). Typically, this would militate against granting the requested assistance, because "[a] foreign tribunal has jurisdiction over those appearing before it, and can itself order [the respondent] to produce evidence." Intel, 542 U.S. at 264. Concomitantly, if Fitzkee were a "nonparticipant," this would typically weigh in favor of granting the requested discovery. See id.

Fitzkee opposes the request, but in an unusual twist, he argues that he is not a "participant" for § 1782 purposes. Rather, he argues, the request for assistance in obtaining discovery from him should be denied because the Svitavy Court does not have proper personal jurisdiction over him. (See Mem. Opp'n 6-7, Document No. 9; Mem. Reply to U.S. Opp'n 6-7, Document No. 12.)

Fitzkee's jurisdictional argument misses the point. As Intel makes clear, the fundamental purpose of § 1782 is to authorize "federal-court assistance in gathering evidence for use in foreign tribunals." Intel, 542 U.S. at 247. In its most typical form, § 1782 assistance is required because "nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." Id. at 264

(emphasis added). If Fitzkee is correct, and the Svitavy Court in fact does not have proper personal jurisdiction over him, this actually militates in favor of granting the request for assistance.

In any event, although this factor was originally expressed as a "participant" versus "nonparticipant" analysis under the facts presented in Intel, the true question at hand is whether the requested discovery is available to the foreign tribunal without the assistance of this Court. See Microsoft, 428 F. Supp. 2d at 194 ("The relevant inquiry is whether the evidence is available to the foreign tribunal."); see also In re Clerici, 481 F.3d 1324, 1334-35 (11th Cir. 2007) (holding that, although Clerici was a party (indeed, the plaintiff) in a Panamanian proceeding, § 1782 assistance was justified because Clerici had left Panama and the Panamanian Court was unable to enforce its own order to produce information).

Based on Fitzkee's Affidavit (Document No. 10) and the representations of counsel at hearing and in Fitzkee's Memorandum in Opposition (Document No. 9) and Memorandum in Reply to the United States' Opposition (Document No. 12), and in the absence of any assertion to the contrary by the United States or the Svitany Court, it appears that, other than the underlying paternity dispute, Fitzkee has no connection whatsoever to the Czech Republic. It therefore appears to this Court that, although Fitzkee may be a nominal party to the paternity action, the Svitavy Court is unable

to compel Fitzkee to respond to its discovery requests without the assistance of this Court, provided pursuant to § 1782.

Accordingly, the first Intel factor weighs in favor of granting the Request for Judicial Assistance.

2. Nature of the foreign tribunal, character of the proceedings, and receptivity of the foreign tribunal to judicial assistance

The second factor the Court will consider is whether anything concerning the nature of the foreign tribunal, the character of the foreign proceedings, and the receptivity of the foreign entity to judicial assistance suggests that the Request should not be granted.

Clearly, the Svitavy Court is receptive to the assistance of this Court, considering that the Request for Judicial was initiated by the Svitavy Court itself, not by a litigant operating independently. Cf. Schmitz, 376 F.3d at 84-85 (denying assistance sought by litigants over the opposition of the foreign tribunal); Microsoft, 428 F. Supp. 2d at 194 (same).

Moreover, other than Fitzkee's personal jurisdiction argument, there is nothing to suggest that the nature of the Svitavy Court or the character of the proceedings before it should weigh against granting this request.

Fitzkee argues only that he lacks sufficient minimum contacts with the Czech Republic for the Svitavy Court to properly exercise personal jurisdiction over him, and thus any paternity or support proceedings before the Svitavy Court are so fundamentally unfair that this Court's assistance in obtaining discovery pursuant to §

8

1782 would be a violation of Fitzkee's due process rights. (Mem. in Opp'n 4-6, Document No. 9; Mem. in Reply to U.S. Opp'n 4-6, Document No. 12.) Fitzkee argues that having a court from the Czech Republic determine paternity and issue a potential judgment against him violates his due process rights because that court has no personal jurisdiction over him. Therefore, Fitzkee asks this Court to deny the Svitavy court's request for discovery based upon a determination that the Svitavy Court lacks personal jurisdiction.

But a determination as to whether the Svitavy Court has personal jurisdiction over Fitzkee is simply beyond the scope of this Court's review under § 1782. Section 1782 provides a mechanism through which participants in international litigation may secure the assistance of the federal courts in accessing evidence beyond the reach of the foreign tribunal but within the jurisdiction of this Court. To delve into the merits of litigation pending before a foreign tribunal would be a breach of international comity. Indeed, the Supreme Court has instructed that the district courts are to refrain from delving into the similarly technical question of discoverability under foreign laws in considering a § 1782 request for judicial assistance. Intel, 542 U.S. at 263. Conditioning this Court's § 1782 assistance on an analysis of the merits of the paternity action pending before the Svitavy Court would be an even greater interference in the jurisdiction of a foreign court.

That is not to say that the jurisdiction of a foreign tribunal is never an appropriate inquiry, but this Court is not obliged to involve itself in the technical question of personal jurisdiction under Czech law, and there is nothing here to suggest that providing the Svitavy Court with assistance in obtaining discovery will prejudice Fitzkee's due process rights. See Shin v. United States (In re Request for Judicial Assistance), 555 F.2d 720, 723-24 (9th Cir. 1977). In particular, the Court notes that Fitzkee himself acknowledges that he should be able to successfully contest the registration and enforcement of a foreign support order against him under the Uniform Interstate Family Support Act ("UIFSA").[2] (Mem. in Opp'n 9, Document No. 9.) Indeed, Section 606 of UIFSA (Va. Code Ann. § 20-88.71) sets forth the procedure for contesting registration of a foreign support order if filed with a local court,

---

[2] UIFSA has been adopted, in one form or another, by all fifty states and the District of Columbia. See Uniform Interstate Family Support Act (2008) (adopted by three states), available at http://www.law.upenn.edu/bll/archives/ulc/uifsa/2008final.pdf (last accessed Sept. 14, 2010); Uniform Interstate Family Support Act (2001) (adopted by 20 states and the District of Columbia), available at http://www.law.upenn.edu/bll/archives/ulc/uifsa/final2001.pdf (last accessed Sept. 14, 2010); Uniform Interstate Family Support Act (1996) (adopted by 27 states and the Virgin Islands), available at http://www.law.upenn.edu/bll/archives/ulc/fnact99/1990s/uifsa96.pdf (last accessed Sept. 14, 2010). The Commonwealth of Virginia has adopted the 2001 Act. See Va. Code Ann. §§ 20-88.32 et seq. (2008). The Court notes, however, that Fitzkee is employed as an officer in the United States Navy, and that since 2002, he apparently has resided in Massachusetts and Florida, as well as Virginia, so it is conceivable that Fitzkee may be found in some jurisdiction other than Virginia when a UIFSA proceeding is initiated against him, if one is initiated at all.

and Section 506 of UIFSA (Va. Code Ann. § 20-88.64:5) sets forth the procedure for contesting enforcement of a foreign support order if submitted directly to the respondent's employer for garnishment of his or her wages. Under Section 607 of UIFSA (Va. Code Ann. § 20-88.72), lack of personal jurisdiction by the foreign court is grounds for vacating or staying enforcement of the foreign support order. See also Division of Child Support Enforcement v. Forbes, No. 0718-93-3, 1994 WL 259269 (Va. Ct. App. June 14, 1994) (denying enforcement of a foreign support order under RURESA (predecessor to UIFSA) where the foreign court lacked personal jurisdiction). Even if Fitzkee does not challenge the jurisdiction of the Svitavy Court in that court's own proceedings, it is clear that Fitzkee will have an opportunity to do so before any foreign support order can be enforced against him within the United States.

Likewise, to the extent that paternity is not conclusively determined by non-judicial means, see, e.g., Va. Code Ann. § 20-49.1(B) (providing that paternity may be established conclusively without a court order by genetic testing or by written agreement), Fitzkee should be able to challenge any preclusive effect of a Svitavy Court determination of parentage in connection with registration and enforcement proceedings, as provided by Section 301 of UIFSA (Va. Code Ann. § 20-88.46).

Fitzkee further acknowledges that a United States court will not, as a matter of course, recognize and enforce a judgment

rendered by a foreign court without personal jurisdiction. (Mem. in Opp'n 8, Document No. 9.) As noted in Hilton v. Guyot, 159 U.S. 113 (1895), upon which Fitzkee relies, where a foreign judgment is rendered without personal jurisdiction, "it can have no validity here, even of a prima facie character." Id. at 184; see also Koster v. Automark Indus., 640 F.2d 77, 81 n.3 (7th Cir. 1981) ("Absence of personal jurisdiction in the [foreign tribunal] would prevent a court in this country from enforcing a judgment rendered in the [foreign tribunal]."). So to the extent that the Svitavy Court does in fact lack the requisite personal jurisdiction over Fitzkee to enter an order determining parentage or establishing a support obligation, it is clear that Fitzkee will have an opportunity to contest personal jurisdiction in a United States court before it can be enforced against him.

Finally, to the extent that Fitzkee is concerned that his response to questions and submission of a buccal swab for genetic testing may constitute a waiver of his jurisdictional defenses in the Svitavy Court proceedings, the Court notes that any responsive action performed by Fitzkee pursuant to an order of this Court would not constitute a <u>voluntary</u> response to discovery. Fitzkee cites two cases in discussing the issue of possible waiver, Prudential Property & Casualty Co. v. Dow Chevrolet-Olds, 10 S.W.3d 97, 101 (Tex. Ct. App. 1999), and Chitwood v. County of Los Angeles, 14 Cal. App. 3d 522, 528 (1971). (Mem. Reply to U.S. Opp'n 3, Document No.

12

12.)  Both of these cases involve the <u>voluntary</u> answering of discovery, and both are therefore inapposite. Upon this Court's order, issued pursuant to 28 U.S.C. § 1782, Fitzkee will provide a buccal swab and answer certain questions, which will be forwarded to the Svitavy Court via the United States government. Fitzkee will not be required to make an appearance, either general or limited, before the Svitavy Court, nor will he be required to correspond directly with the Svitavy Court or any other litigant before it.

Accordingly, the second <u>Intel</u> factor weighs in favor of granting the Request for Judicial Assistance.

### 3. Circumvention of foreign or United States policy

The third factor examines whether the Request for Judicial Assistance is an attempt to circumvent foreign proof-gathering restrictions or any other foreign or United States policy.

Fitzkee does not argue that the Request for Judicial Assistance attempts to circumvent Czech proof-gathering restrictions or Czech policies. Moreover, the fact that the request was initiated by the Svitavy Court itself, rather than a private litigant, provides sufficient assurance that the request does not attempt to circumvent Czech discovery rules or Czech policy. See <u>Amtsgericht Ingolstadt</u>, 82 F.3d at 592.

Fitzkee does argue, however, that the Request for Judicial Assistance is an attempt to circumvent UIFSA. Fitzkee argues that, under UIFSA, he should not be subject to a foreign support order

13

adjudicated by a foreign tribunal without personal jurisdiction over him. (Mem. in Opp'n 7-10, Document No. 9; Mem. in Reply to U.S. Opp'n 7, Document No. 12.)

As noted above, UIFSA has been adopted in all fifty states and the District of Columbia. UIFSA itself provides a mechanism for Fitzkee to challenge the personal jurisdiction of any order issued by the Svitavy Court, once presented to a United States court or to his employer for registration or enforcement.

Accordingly, the third Intel factor weighs in favor of granting the Request for Judicial Assistance.

### 4. Unduly intrusive or burdensome

The fourth factor is whether the requested evidence is unduly intrusive or burdensome. The Svitavy Court has requested this Court's assistance in obtaining answers to certain questions and a DNA sample, to be provided by buccal swab, in connection with a paternity action pending before it. This is a simple request for the production of evidence that is routinely provided in support of paternity actions abroad; it is not unduly intrusive or burdensome. See, e.g., In re Letter of Request from Local Court of Pforzheim, 130 F.R.D. 363, 366 (W.D. Mich. 1989) ("[T]he requirement of providing a blood sample in a paternity action is a routine one."); see also In re Letter of Request from Amtsgericht Ingolstadt, 82 F.3d 590 (4th Cir. 1996); In re Letter Rogatory from Nedenes District Court, 216 F.R.D. 277 (S.D.N.Y. 2003); In re Letter of

Request from Boras District Court, 153 F.R.D. 31 (E.D.N.Y. 1994); In re Letter Rogatory from Local Court of Ludwigsburg, 154 F.R.D. 196 (N.D. Ill. 1994). Indeed, the Court notes that requiring Fitzkee to provide a DNA sample by buccal swab is a method substantially less invasive than the oft-approved production of a blood sample.

Accordingly, the fourth Intel factor weighs in favor of granting the Request for Judicial Assistance.

### D. Fitzkee's Article 11 Objection

Fitzkee notes that Article 11 of the Hague Convention permits him to object to the requested discovery insofar as he has a privilege to refuse to give evidence under the laws of the United States.[3] (Mem. in Opp'n 13-14, Document No. 9.) Quoting argument presented by counsel in the case of Spies v. Illinois, 123 U.S 131, 150 (1887), Fitzkee then argues that his right to due process is a "privilege and immunity of a citizen of the United States," and therefore this Court should deny the Request for Judicial Assistance based on his due process argument.[4]

---

[3] The Court notes that § 1782 effectively incorporates the provisions of Article 11, providing that "[a] person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege." 28 U.S.C. § 1782(a).

[4] Fitzkee mistakenly attributes the quote to Justice Harlan, to whom the original petition for writ of error was addressed. The quoted language is actually taken from argument presented by John Randolph Tucker, counsel for petitioners in the Spies case.

First, for the reasons previously stated in this opinion, Fitzkee's due process rights will not be violated by granting the Request for Judicial Assistance, as he should have ample opportunity to oppose registration and enforcement of any substantive order issued by the Svitavy Court pursuant to UIFSA, including the assertion of his objection that the Svitavy Court lacked personal jurisdiction over him.

Second, the only privileges or rights protected by Article 11 of the Hague Convention, and by § 1782 itself, are the privilege against self-incrimination and the right to be free from unreasonable searches and seizures. In re Letters Rogatory from the Local Court of Plon, 29 F. Supp. 2d 776, 779-80 (E.D. Mich. 1998); In re Letter Rogatory from Local Court of Ludwigsburg, 154 F.R.D. 196, 201 (N.D. Ill. 1994); In re Letter of Request from Boras Dist. Ct., 153 F.R.D. 31, 34-35 (E.D.N.Y. 1994). Courts have long recognized that providing a blood sample in connection with a paternity action abroad would not violate these rights. Local Court of Plon, 29 F. Supp. 2d at 779-80; Local Court of Ludwigsburg, 154 F.R.D. at 201; Boras Dist. Ct., 153 F.R.D. at 34-35. Providing a buccal swab likewise would not violate these rights.

### III. CONCLUSION

For the foregoing reasons, the Court FINDS that it is within its authority and discretion to grant the Request for Judicial Assistance pursuant to § 1782. The Court further FINDS that all

four of the factors for consideration identified by the Supreme Court of the United States in Intel Corp. v. Advanced Micro Devices Inc., 542 U.S. 241 (2004), weigh in favor of granting the Svitavy Court's Request for Judicial Assistance. Therefore, Petitioner's Application for Order Under 28 U.S.C. § 1782 is GRANTED and Respondent's Motion for Entry of an Order Refusing the Request for Judicial Assistance is DENIED. This Court ORDERS that Fitzkee (1) submit to the United States Attorney's Office an affidavit setting forth his response to the inquiries made by the Svitavy Court, and (2) present himself for the purpose of providing a tissue sample via buccal swab at a location to be identified by the United States Attorney's Office within the next ten business days.

IT IS SO ORDERED.

UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
September 17, 2010